PATRICK CUDAHY AND ANOTHER, APPELLANTS AND RESPOND-
ENTS, *v.* CLARKE D. RHINEHART, AS SHERIFF OF KINGS
COUNTY, APPELLANT.

*Attachment — dispute as to the title to the property attached — only those attaching creditors who indemnify the sheriff can share in its avails — action for false return of execution — what plaintiff must show.*

Where there are several attaching creditors, under whose attachments levies might be made upon certain property, the title to which is in dispute, and some indemnify the sheriff while others refuse to do so, the latter, although their attachments may be prior in time, will be precluded from claiming the avails of said property as against those who have given indemnity.

But where an indemnitor has coupled his bond with specific instructions as to the property to be attached. and such property is not found, it is error to permit him to share in the proceeds of other property which a junior attaching creditor has indemnified the sheriff in seizing.

In an action brought by an attaching creditor to recover damages because of the alleged false return of an execution, the burden is upon the plaintiff to show that the title to goods attached and sold by the sheriff, for the benefit of junior, indemnifying attachment creditors, was vested, at the time, in the defendants in the attachment suits, and the sheriff is not estopped from objecting that no such proof was given upon the trial.

APPEALS by the plaintiffs, Patrick Cudahy and John Cudahy, from so much of a judgment, entered in the office of the clerk of Kings county on the 30th day of August, 1890, as disallowed the plaintiffs' claim in excess of the sum of $520, and interest from December 18, 1889; and by the defendant, Clarke D. Rhinehart, as sheriff of Kings county, from the whole of said judgment.

The action was tried at the Kings County Circuit before the court without a jury. It was brought to recover damages for an alleged false return of an execution in an action brought by the plaintiffs against John H. Bain and Patrick H. Turner. Attachments were issued on August 14, 1889, against the property of said John H. Bain and Patrick H. Turner by several creditors; the first was one on behalf of the Chicago Packing Company, the second on behalf of the plaintiffs, and the third on behalf of Bechstein & Co.

On August 16, 1889, C. B. Lockwood & Co., warehousemen, certified to the sheriff that the property in question, which was under their control, did not belong to said Bain & Turner. Thereupon the sheriff, the defendant in the present action, demanded indemnity, which was furnished by the Chicago Packing Company and by Bechstein & Co.; subsequently the plaintiffs also gave a bond to the sheriff, general in form, but accompanied by a letter restricting his action to a certain 100 tierces of tallow. The sheriff did find these tierces of tallow. He, however, upon the faith of the indemnity furnished by the Chicago Packing Company and Bechstein & Co., made sales of other property found. From the proceeds of such sales the sheriff paid the Chicago Packing Company, the first attaching creditor, and Beckstein & Co., the third attaching creditor, as indemnitors, $520, which amount was recovered from the sheriff by the plaintiffs in the present action.

*John J. Macklin*, for the plaintiffs.

*Hobbs & Gifford* and *Charles Putzel*, for the defendant.

PRATT, J.:

The court at Special Term correctly held that where there are several attaching creditors of the same property, the title to which is in dispute, and some give indemnity to the sheriff and others refuse to do so, the latter will be precluded from claiming the avails

of the attached property, though their attachments may be prior in time to those who give indemnity. (*Smith* v. *Osgood*, 46 N. H., 178; *Parker* v. *Smith*, 2 Liv. Law Mag., 770.)

The case last cited seems exactly in point. Here, as there, the title to the attached property being ambiguous, the sheriff refused to sell without indemnity, which the senior attaching creditor refused to give. There would be no propriety in giving the fund thus produced to the creditor who refused to act. The refusal to indemnify must be held to work an abandonment of the attachment as to the property in question in favor of the junior creditor, who was willing to take the risk.

We think, however, that the court below should have given a more extended application to the doctrine than was done. It appears that the plaintiffs, being informed that 100 tierces of tallow might be found, instructed the sheriff to seek for them and gave him indemnity to make the seizure. His instructions being in writing admit of no dispute; they were limited to the 100 tierces, which were not found. Later certain other property was found, and, on the indemnity of a creditor junior to the plaintiff, was sold. The sheriff having paid the proceeds to the indemnitor, the plaintiff now claims to recover from the sheriff $520, the amount thus paid, and in the court below prevailed.

We have carefully examined the testimony and are not able to find that it affords any support to the claim now made that the indemnity given by the plaintiff could have been applied to any other property than the 100 tierces. The indemnity bond was general in its terms and did not specify the particular property intended to be taken in reliance upon it. But the written instructions by which it was accompanied are explicit and are limited to the 100 tierces. It follows that plaintiffs were erroneously allowed to recover the $520, proceeds of property attached upon the indemnity of the junior creditor.

Another point should not be overlooked: The plaintiffs introduce no proof that the goods which produced the $520 were the property of the judgment debtors. The sheriff is not estopped from objecting to the lack of proof. As against the creditor for whom and by whose instructions he acted, and whose indemnity he received, he could not raise that question. The plaintiffs do not occupy that position.

The judgment appealed from must be reversed upon the facts and new trial ordered, with costs to appellants to abide event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment upon the appeal of defendant reversed and new trial granted, costs to abide event. Judgment upon plaintiffs' appeal reversed and new trial granted, costs to abide event.

IN THE MATTER OF THE PETITION OF ANNA M. TIENKEN TO REQUIRE ANNA TIENKEN AND ANOTHER, AS EXECUTORS OF HENRY TIENKEN, DECEASED, TO RENDER AN ACCOUNT, AND FOR A DECREE REQUIRING THEM TO PAY THE PETITIONER HER SHARE IN THE ESTATE OF SAID HENRY TIENKEN.